UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ROBERT KEVIN NATUSCH,                :

       Plaintiff,                          :

       vs.                                  :   No. 3:13cv729(WIG)

COMMISSIONER OF SOCIAL         :
SECURITY,
                                                          :
       Defendant.
-------------------------------------------------------X

ORDER

     Plaintiff, Robert Kevin Natusch, who is *pro se*, has filed a Social Security Complaint against the Commissioner of Social Security. In his complaint, he cites to the adverse decision of the Administrative Law Judge ("ALJ") dated January 18, 2012, and attaches a copy of that decision. He has not, however, responded to the questions on the complaint about any action by the Appeals Council, nor has he attached a copy of the decision of the Appeals Council as required by the complaint form. *See* Compl. at 3.

     Under section 205(g) of the Social Security Act, this Court has jurisdiction to review only a "*final* decision of the Commissioner of Social Security." 42 U.S.C. § 405(g) (emphasis added). A decision becomes final only after a claimant has exhausted all administrative remedies, which culminates with a decision by the Appeals Council on the merits of the claim or denying review of the ALJ's decision. *See Schweiker v. Chilicky*, 487 U.S. 412, 424 (1988); 20 C.F.R. § 404.981. Once the Appeals Council has acted, a claimant has 60 days from the date he receives notice of that decision to file an action in federal District Court seeking review of that final

1

decision. 42 U.S.C. § 405(g); 20 C.F.R. § 404.981; *Bowen v. City of New York*, 476 U.S. 467, 472 (1986).

This requirement is set forth in the ALJ's Notice of Decision - Unfavorable, which states that, if a claimant does not appeal the ALJ's adverse decision to the Appeals Council and the Appeals Council does not review that decision on its own, the claimant will not have the right to Federal court review. *See* Notice at 2. The Notice further provides that a failure to seek review by the Appeals Council does not preclude the claimant from filing a new application for Social Security disability benefits, although this is not the same as appealing the decision. *Id.*

Based upon the information provided by Plaintiff, the Court cannot ascertain whether he ever sought review by the Appeals Council. In light of Plaintiff's *pro se* status, the Court gives Plaintiff 30 days from the date of this Order to file an amended complaint in which he responds to the questions about action taken by the Appeals Council on page 3 of the complaint form. He should also attach a copy of the Appeals Council's decision. Failure to do so will result in this Court's recommending that Plaintiff's complaint be dismissed.

SO ORDERED, this    23rd    day of May, 2013, at Bridgeport, Connecticut.

      /s/ *William I. Garfinkel*
      WILLIAM I. GARFINKEL
      United States Magistrate Judge